United States District Court
Western District of New York

United States of America,

                              *Plaintiff*                    NOTICE OF MOTION

              *vs*                              Withdrawal of Counsel and Appointment
                                                          of CJA Counsel
Gene Clark Foland,

                              *Defendant*                      12-cr-125

        PLEASE TAKE NOTICE that upon the affirmation of James P. Harrington, Esq.,
attorney for Defendant, Gene Clark Foland, a motion is hereby made to the Hon. Elizabeth
Wolford, United States District Court Judge, Robert H. Jackson Courthouse, Buffalo, New
York 14202 to permit James Harrington to withdraw as counsel and for the appointment of
new CJA counsel and supplemental CJA counsel for Mr. Foland.

Dated: July 5, 2018

                                        /s/ James P. Harrington
                                        James P. Harrington
                                        harrington A mahoney
                                        Attorneys for Defendant
                                        70 Niagara Street - Third Floor
                                        Buffalo, NY  14202-3407
                                        *Tele:*  (716) 853-3700
                                        *Facs:* (716) 853-3710
                                        *jph@harringtonmahoney.com*

TO:    United States Attorney
       138 Delaware Avenue
       Buffalo, New York 14202
       Attention:    Russell Ippolito, Esq.
                     Assistant United States Attorney

United States District Court
Western District of New York

United States of America,

                     *Plaintiff*

       *vs*

Gene Foland,

                  Defendant

                              AFFIRMATION

                              12-cr-125

James P. Harrington, Esq., affirms to be true and states under penalty of perjury as follows:

1.     I am an attorney at law and represent the Defendant, Gene Foland, in the above-referenced indictment as his retained counsel.

2.     I make this motion for permission of the Court to withdraw as Mr. Foland's counsel in this case. This motion is reluctantly filed, but I believe it is in the best interests of Mr. Foland.

3.     The motion is not based on any difficulties in the relationship between Mr. Foland and me. It is necessary because of duties and responsibilities I have with an unrelated case and an additional matter which will be filed under seal with the Court's permission.

4.     The reasons have I delayed filing this withdrawal motion are that there have been substantive and serious attempts to settle this between Assistant United States Attorney Russell Ippolito and me and because Mr. Foland and I have attempted to find substitute retained counsel for him for a number of months.

Other Case

5.      As the Court is aware, I have represented Ramzi bin al Shibh in *United States v. Mohammad* in the United States Military Commissions in Guantanamo Bay, Cuba for the past six years.  The charges against him relate to the planning and execution of the attacks on the United States on September 11, 2001.  The case is an extraordinarily complicated death penalty case with legal issues of the Law of War and International Law; constitutional issues about new procedural controlling act called the Military Commissions Act of 2009; new rules of evidence; massive amounts of unclassified and classified discovery; unique and first impression discovery issues; evidence from many foreign countries; witnesses and experts in the United States, Europe, the Middle East, and the Far East; torture of my client and his co-accused; and religious, political, and cultural barriers overriding the entire case. To date, there have been over five hundred and ninety pretrial motions filed and we have not filed motions regarding suppression of evidence, challenges to the rules of evidence, jury procedures, or the death penalty trial issues.  The case will not be ready for trial for at least two more years.

6.      In addition to the legal issues, there are difficult practical problems because of where the legal proceedings take place, Guantanamo Bay Naval Station, client access, security issues, travel, and a host of other practical problems which make even the simplest of tasks complicated.

7.      I have already worked in twelve foreign countries on this case, some multiple times.  The case has entered a new phase which will require more travel to Guantanamo and to many foreign countries for investigation and expert witness consultations.  We currently have pretrial hearings scheduled for two continuous weeks every six to eight weeks.  In between those hearings, all of the travel which needs to be done to investigate and prepare the case has to be done.

8.      Our defense team has pending trips for Mr. Bin al Shibh's case to Dublin, Ireland and London, England; Hamburg, Germany, Berlin, Germany, and Geneva, Switzerland; Amann, Jordan; Nouakchott, Mauritania; Tuscon, Arizona; New York City; and regular trips to our defense offices in Rosslyn, Virginia.  We are also scheduled for hearings in Guantanamo from July 23-27 and from September 3-14, 2018 before the trial date in Mr. Foland's case.  All of the above trips have to be done as soon as possible and hopefully this year.  Some will be combined to minimize the travel time.  Some can be done by other members on our defense team without me.  I, however, must travel to Tuscon, Amann, and Nouakchott between now and Mr. Foland's trial date.

9.      The Court will logically ask why I agreed to represent Mr. Foland in the first place because the Bin al Shibh case had already been going when I was retained.  I believed that I would be able to do both cases and the few others that I had at that time.  I did not take the case with the intention or belief that I would not be able to complete it.

10.     In addition to the increased work on Mr. Bin al Shibh's case, however, my recent experience in the case of *United States v. Green*, 12-cr-83, has informed me better that I will not be able to try federal cases while the Bin al Shibh case continues.  The preparation for  Mr. Green's trial and the two and a half months needed to complete the trial severely impaired my representation of Mr. Bin al Shibh.

11.     I will not have the time necessary to properly prepare Mr. Foland's trial and will have to squeeze trial dates in between a schedule for hearings which is already in place for the rest of the year. (In the Green case, Judge Skretny stopped the Green trial for a week to allow me to travel to Guantanamo for a week of hearings for which I had to scramble to prepare for.  I also had to leave jury deliberations, which lasted eight days, for a second trip to Guantanamo for hearings.)

Additional Reason

12.    Filed simultaneously with this motion is my supplemental affirmation with a
second reason supporting my withdrawal proposed an additional part of the motion for which
a motion is made for sealing the contents of the affirmation.

13.    Should the Court permit the sealing of this part of the motion, it is respectfully
requested that the Court consider the contents of it as part of this motion to withdraw as Mr.
Foland's counsel.

CJA Counsel

14.    As stated above, I have been Mr. Foland's retained counsel in the defense of
the pending indictment against him.

15.    When the case was started, Mr. Foland made good faith representations to me
about his resources which would enable him to have retained counsel throughout this case.

16.    Those representations depended on his ability to keep working at his business
of dealing in security transactions as he had for many years.

17.    After some period of time, his fortunes changed significantly and he has not
been able to continue in the line of work for which he is trained and is most capable.

18.    Because of the indictment against him, he has been unable to either continue
in this business nor find employment with other companies in this business as an employee.

19.    His income has fallen dramatically from six figures to where and he now makes
between $30,000 to $40,000 as an independent contractor for a company which facilitates
the obtaining of passports for United States citizens.

20.     Mr. Foland has attempted to borrow funds to finance retained counsel for the trial of his case, but has been unable to do so because of his income and other debt obligations.

21.     Mr. Foland is currently behind in his retainer agreement with our firm in the amount of $24,000.

22.     Attached to this motion is a CJA Form 23 which Mr. Foland has signed and which discloses his assets, liabilities and income and that of his wife. (Exhibit A)

23.     His only significant asset is his home at 5060 NE 23rd. Terrace, Lighthouse Point, Florida, a 1300 square feet two bedroom ranch house valued between $313,000 to 353,000 (online estimates Redfin and Zillow) which he owns with his wife. (Exhibits B & C) The house has no mortgage on it, but it is encumbered by Mr. Foland's appearance bond in this case.  In addition, he has a disputed tax obligation and lien with the Internal Revenue Service for over $200,000.   He has been unable to obtain a loan or mortgage using the house as security.

24.     Because of his change in circumstances, he is requesting the assignment of CJA counsel to represent him in his trial before this Court.

25.     Recognizing the scope of this case and the date set for trial, I am requesting that the Court consider appointing Jesse Pyle, Esq., an associate with Harrington and Mahoney, as transition counsel to assist and facilitate the new appointed CJA counsel's preparation for trial.

26.     Mr. Pyle is has worked on and is familiar with the legal issues and the documents and evidence on which the case is based.

27.     Mr. Pyle is not a member for the CJA panel for our district because he lacks

the trial experience to qualify for the panel.  He has been appointed to fulfill a supplemental role by Judge Skretny in United States v Green, mentioned above and by Judge Hugh Scott in United States v. Taire Chaney, 15cr134.  The Court does have the discretion to appoint persons in special circumstances as CJA counsel and this appears to be one.

28.    My proposal is that Mr. Pyle's appointment continue until either new CJA counsel indicates to the Court Mr. Pyle  is no longer needed, the commencement of the trial, or through the trial if new counsel and the Court believe this is warranted.

29.    In addition, to the extent possible, I will be available to assist new counsel in the transition and preparation for trial without an appointment of me as CJA counsel.

30.    I have discussed this motion with Mr. Foland and he understands it and concurs with the relief requested and the proposed assistance of Mr. Pyle for continuity purposes.

Wherefore, it is respectfully requested that the Court permit me to withdraw as Mr. Foland's lawyer in this case, appoint new CJA counsel for him, and appoint Jesse Pyle, Esq., as second CJA transition counsel to assist new CJA counsel, at least temporarily. proceedings.

July 5, 2018                                    /s/ James P. Harrington
                                               James P. Harrington
                                               harrington A mahoney
                                               Attorneys for Defendant
                                               70 Niagara Street - Third Floor
                                               Buffalo, NY  14202-3407
                                               *Tele:*  (716) 853-3700
                                               *Facs:* (716) 853-3710
                                               *jph@harringtonmahoney.com*

EXHIBIT A

CJA 23
(Rev. 11/11)

# FINANCIAL AFFIDAVIT

### IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

| | |
|---|---|
| **IN THE UNITED STATES** ☒ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify below)* | **LOCATION NUMBER** |
| IN THE CASE OF | |

IN THE CASE OF

| USA | v. GENE CLARK FOLAND | FOR WESTERN DISTRICT OF NEW YORK |
|---|---|---|
| | | AT BUFFALO, NEW YORK |

**PERSON REPRESENTED** *(Show your full name)*

GENE CLARK FOLAND

1 ☒ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
5 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)*

**DOCKET NUMBERS**
Magistrate Judge

District Court
1:12-cr-125
Court of Appeals

**CHARGE/OFFENSE** *(describe if applicable & check box →)* ☒ Felony  ☐ Misdemeanor

18 USC Sec. 1343, 1349,
1956(a)(2)(A), 1956(h), 1957(a),
& 2 (40 Counts and 3 Forfeiture Allegations)

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

| INCOME & ASSETS | EMPLOY-MENT | Are you now employed? ☒ Yes ☐ No ☐ Self-Employed |
|---|---|---|
| | | Name and address of employer: The Passport Office |
| | | IF YES, how much do you earn per month? $ 2,800 (gross) — IF NO, give month and year of last employment? ____ How much did you earn per month? $ ____ |
| | | If married, is your spouse employed? ☒ Yes ☐ No   Finance Agent |
| | | IF YES, how much does your spouse earn per month? $ 3,000 (gross) — If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ ____ |
| | OTHER INCOME | Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☐ No |
| | | IF YES, give the amount received and identify the sources — RECEIVED $ NONE / $ ____ / $ ____ — SOURCES ____ |
| | CASH | Do you have any cash on hand or money in savings or checking accounts? ☒ Yes ☐ No  IF YES, total amount? $ 2,000.00 |
| | PROP-ERTY | Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☒ Yes ☐ No |
| | | IF YES, give value and description for each — VALUE $ 320,000.00 — DESCRIPTION 5060 NE 23rd Terrace Whitehouse Point, FL 33064 |

| OBLIGATIONS & DEBTS | DEPENDENTS | MARITAL STATUS | | List persons you actually support and your relationship to them |
|---|---|---|---|---|
| | | ☐ Single | Total No. of Dependents | 1 - daughter |
| | | ☒ Married | | |
| | | ☐ Widowed | | |
| | | ☐ Separated or Divorced | | |

| | DEBTS & MONTHLY BILLS *(Rent, utilities, loans, charge accounts, etc.)* | DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | See Attached | $ ____ | $ ____ |
| | | | $ ____ | $ ____ |
| | | | $ ____ | $ ____ |
| | | | $ ____ | $ ____ |

I certify under penalty of perjury that the foregoing is true and correct.

*Gene Foland*

**SIGNATURE OF DEFENDANT**
*(OR PERSON REPRESENTED)*

6-18-2018
Date

CJA 23 Financial Affiavit - Cont'd

USA v. Gene Clark Foland

12-cr-125

**Debts and Monthly Bills**

| Description | Total Debt | Monthly Payment |
|---|---|---|
| Utilities | | $ 1,000.00 |
| Health Insurance | | $ 800.00 |
| Food, etc. | | $ 1,000.00 |
| Property taxes | | $ 500.00 |
| Auto | | $ 1,000.00 |
| Miscellaneous | | $ 1,000.00 |
| American Express | $ 10,000.00 | |
| Insurance Bond | $ 140,000.00 | |
| IRS Liens | $200,000.00 plus | |

☐ CORRECTED (if checked)

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | 1 Rents | OMB No. 1545-0115 | |
|---|---|---|---|
| US PASSPORT 123 GROUP        23339285 INC                        (954)871-9301 1400 BISCAYNE BLVD SUITE 112 MIAMI FL 33132 | $ | **20**17 | **Miscellaneous Income** |
| | 2 Royalties | | |
| | $ | Form **1099-MISC** | |
| | 3 Other income | 4 Federal income tax withheld | **Copy 2** |
| | $ | $ | |

| PAYER'S federal identification number | RECIPIENT'S identification number | 5 Fishing boat proceeds | 6 Medical and health care payments | **To be filed with recipient's state income tax return, when required.** |
|---|---|---|---|---|
| 26-4281061 | 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 | $ | $ | |

| RECIPIENT'S name | 7 Nonemployee compensation | 8 Substitute payments in lieu of dividends or interest | |
|---|---|---|---|
| GENE C FOLAND | | | |
| Street address (including apt. no.) | $        32829 00 | $ | |
| | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ► ☐ | 10 Crop insurance proceeds $ | |
| 5060 NE 23 TERRACE | | | |
| City or town, state or province, country, and ZIP or foreign postal code | 11 | 12 | |
| LIGHTHOUSE POINT FL 33309 | | | |

| Account number (see instructions) | FATCA filing requirement ☐ | 13 Excess golden parachute payments | 14 Gross proceeds paid to an attorney |
|---|---|---|---|
| 000039  K1/FOV      A | | $ | $ |

| 15a Section 409A deferrals | 15b Section 409A income | 16 State tax withheld | 17 State/Payer's state no. | 18 State income |
|---|---|---|---|---|
| $ | $ | $ | FL | $ |
| | | $ | | $ |

Form **1099-MISC**          www.irs.gov/form1099misc          Department of the Treasury - Internal Revenue Service

---

☐ CORRECTED (if checked)

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | 1 Rents | OMB No. 1545-0115 | |
|---|---|---|---|
| US PASSPORT 123 GROUP        23339285 INC                        (954)871-9301 1400 BISCAYNE BLVD SUITE 112 MIAMI FL 33132 | $ | **20**17 | **Miscellaneous Income** |
| | 2 Royalties | | |
| | $ | Form **1099-MISC** | |
| K1/FOV/2017/4/99631        /        /000039 | 3 Other income | 4 Federal income tax withheld | **Copy B** |
| | $ | $ | **For Recipient** |

| PAYER'S federal identification number | RECIPIENT'S identification number | 5 Fishing boat proceeds | 6 Medical and health care payments | |
|---|---|---|---|---|
| 26-4281061 | 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 | $ | $ | |

| RECIPIENT'S name | 7 Nonemployee compensation | 8 Substitute payments in lieu of dividends or interest | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
|---|---|---|---|
| GENE C FOLAND | | | |
| Street address (including apt. no.) | $        32829 00 | $ | |
| | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ► ☐ | 10 Crop insurance proceeds $ | |
| 5060 NE 23 TERRACE | | | |
| City or town, state or province, country, and ZIP or foreign postal code | 11 | 12 | |
| LIGHTHOUSE POINT FL 33309 | | | |

| Account number (see instructions) | FATCA filing requirement ☐ | 13 Excess golden parachute payments | 14 Gross proceeds paid to an attorney |
|---|---|---|---|
| 000039  K1/FOV      A | | $ | $ |

| 15a Section 409A deferrals | 15b Section 409A income | 16 State tax withheld | 17 State/Payer's state no. | 18 State income |
|---|---|---|---|---|
| $ | $ | $ | FL | $ |
| | | $ | | $ |

Form **1099-MISC**      (keep for your records)      www.irs.gov/form1099misc          Department of the Treasury - Internal Revenue Service

Did you make any payments in 2017 that would require you to file Form(s) 1099? (see instructions) . . . . . . ☐ Yes ☐ No
If "Yes," di... . . . . . . . . . . . ☐ es ☐ No

## Part I   Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked . . . . . . . . . ▶ ☐ | 1 | 35,912 |
| 2 | Returns and allowances . . . . . . . . . . . . . . . . . . . . . | 2 | |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . . . . . . | 3 | 35,912 |
| 4 | Cost of goods sold (from line 42) . . . . . . . . . . . . . . . . . | 4 | |
| 5 | Gross profit. Subtract line 4 from line 3 . . . . . . . . . . . . . . . | 5 | 35,912 |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) . . | 6 | |
| 7 | Gross income. Add lines 5 and 6 . . . . . . . . . . . . . . . . ▶ | 7 | 35,912 |

## Part II   Expenses.   Enter expenses for business use of your home only on line 30.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8 | Advertising . . . . | 8 | 175 | 18 | Office expense (see instructions) | 18 | |
| 9 | Car and truck expenses (see instructions) . . . . . | 9 | 5,350 | 19 | Pension and profit-sharing plans | 19 | |
| | | | | 20 | Rent or lease (see instructions): | | |
| 10 | Commissions and fees . . | 10 | | a | Vehicles, machinery, and equipment | 20a | |
| 11 | Contract labor (see instructions) | 11 | | b | Other business property . . . | 20b | |
| 12 | Depletion . . . . . | 12 | | 21 | Repairs and maintenance . . . | 21 | 1,380 |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions) . . . . . | 13 | | 22 | Supplies (not included in Part III) . | 22 | 525 |
| | | | | 23 | Taxes and licenses . . . . | 23 | 60 |
| | | | | 24 | Travel, meals, and entertainment: | | |
| 14 | Employee benefit programs (other than on line 19) . . | 14 | | a | Travel. . . . . . . . | 24a | 455 |
| | | | | b | Deductible meals and entertainment (see instructions) . | 24b | 1,145 |
| 15 | Insurance (other than health) | 15 | 2,160 | | | | |
| 16 | Interest: | | | 25 | Utilities . . . . . . . | 25 | |
| a | Mortgage (paid to banks, etc.) | 16a | | 26 | Wages (less employment credits) . | 26 | |
| b | Other . . . . . | 16b | | 27a | Other expenses (from line 48) . . | 27a | 5,020 |
| 17 | Legal and professional services | 17 | | b | Reserved for future use . . . | 27b | |

| | | | |
|---|---|---|---|
| 28 | Total expenses before expenses for business use of home. Add lines 8 through 27a . . . . . ▶ | 28 | 16,270 |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 . . . . . . . . . . . . . . . | 29 | 19,642 |
| 30 | Expenses for business use of your home. Do not report these expenses elsewhere. Attach Form 8829 unless using the simplified method (see instructions). Simplified method filers only: enter the total square footage of: (a) your home: _____ and (b) the part of your home used for business: _____. Use the Simplified Method Worksheet in the instructions to figure the amount to enter on line 30 . . . . . . . . . | 30 | |
| 31 | Net profit or (loss). Subtract line 30 from line 29. • If a profit, enter on both Form 1040, line 12 (or Form 1040NR, line 13) and on Schedule SE, line 2. (If you checked the box on line 1, see instructions). Estates and trusts, enter on Form 1041, line 3. • If a loss, you must go to line 32. | 31 | 19,642 |
| 32 | If you have a loss, check the box that describes your investment in this activity (see instructions). • If you checked 32a, enter the loss on both Form 1040, line 12, (or Form 1040NR, line 13) and on Schedule SE, line 2. (If you checked the box on line 1, see the line 31 instructions). Estates and trusts, enter on Form 1041, line 3. • If you checked 32b, you must attach Form 6198. Your loss may be limited. | 32a ☐ All investment is at risk. 32b ☐ Some investment is not at risk. | |

For Paperwork Reduction Act Notice, see your tax return instructions.          1037 PEI 7US091          Schedule C (Form 1040) 2017

EXHIBIT B

✉ **SHARE**

City, State, or Zip 🔍

5060 NE 23rd Ter, Lighthouse Point, FL 33064



# 5060 NE 23rd Ter, Lighthouse Point, FL 33064

**2 beds · 2 baths · 1,360 sqft**

**OFF MARKET**

Zestimate®: **$355,469**
Rent Zestimate®: $2,100 /mo

**EST. REFI PAYMENT**
Est. Refi Payment:
**$1,585/mo**

5060 NE 23rd Ter, Lighthouse Point, FL is a single family home that contains 1,360 sq ft and was built in 1965. It contains 2 bedrooms and 2 bathrooms. This home last sold for $110,000 in October 1998.

The Zestimate for this house is $355,469, which has increased by $6,231 in the last 30 days. The Rent Zestimate for this home is $2,100/mo, which has decreased by $144/mo in the last 30 days. The property tax in 2017 was $2,823. The tax assessment in 2017 was $164,820, an increase of 2.1% over the previous year.

## Facts and Features

| | | |
|---|---|---|
| 🏠 **Type**<br>Single Family | 📅 **Year Built**<br>1965 | 🌡 **Heating**<br>No Data |
| ❄ **Cooling**<br>Central | 🅿 **Parking**<br>1 space | ⬜ **Lot**<br>8,392 sqft |

**INTERIOR FEATURES**

**Bedrooms**
Beds: 2

**Heating and Cooling**
Cooling: Central

**Flooring**
Floor size: 1,360 sqft

Flooring: Concrete, Tile

SPACES AND AMENITIES

EXHIBIT C



Sign Up

## 5060 NE 23rd Ter
Lighthouse Point, FL 33064

| $313,599 | Unknown | 2 | 2 |
|---|---|---|---|
| Redfin Estimate | Last Sold Price | Beds | Baths |

1,288 Sq. Ft.
$243 / Sq. Ft.
Built: 1965
Status: Not For Sale  Source: Public Records



NOT FOR SALE

## Is This Your Home?

Track this home's estimate
& nearby sales activity

I'm the Owner